# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRITTANY ROBERTS** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 07-7444** |
| **MICHAEL J. ASTRUE**<br>**COMMISSIONER OF SOCIAL SECURITY**<br>**ADMINISTRATION** | **SECTION "A" (3)** |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Attorney's Fees [Doc. #35] filed by plaintiff, Brittany Roberts, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The motion is unopposed. [Doc. #35].[1] For the reasons stated below, it is RECOMMENDED that the motion be GRANTED IN PART, in that the Commissioner be ordered to pay attorney's fees in the amount of $5,962.50 (39.75 hours at $150.00 per hour).[2]

## I.    The EAJA and Number of Hours Claimed

The EAJA provides that a court shall award attorney's fees and costs to a prevailing party

---

[1] Even though defendant has not opposed the motion, the Court has a duty to independently examine the reasonableness of the fees sought. *See, e.g., Curtis v. Bill Hanna Ford, Inc.*, 822 F.2d 549, 551 (5th Cir.1987) (holding, under Title VII, that "district court may, consistent with the statute, examine the reasonableness of the fees requested, even when the request is not opposed.").

[2] Plaintiff does not seek costs in her petition.

in a civil action brought against the United States unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party who obtains a remand of a social security appeal pursuant to the fourth sentence of Section 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324 (5th Cir. 1994). The prevailing party is entitled to fees unless the government meets its burden of showing that its position was substantially justified or that special circumstances make an award unjust. *Baker v. Bowen*, 839 F.2d 1075, 1080 (5th Cir. 1988).

On May 27, 2009, the District Judge entered judgment and remanded this case to the Commissioner for further proceedings. [Doc. #29]. The Commissioner does not contest that plaintiff is the prevailing party and entitled to an award of EAJA fees. Furthermore, the undersigned has reviewed the statement of charges submitted by plaintiff's counsel and has determined that the amount of time spent on the services performed is reasonable.[3]

## II. Hourly Rate

In the petition, plaintiff's attorney seeks to recover fees at an hourly rate of $172.45. For the following reasons, the Court finds that such an hourly rate is inappropriate under the EAJA in this district. Louisiana federal courts have noted that the EAJA provides in relevant part that the amount of fees awarded

> shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor. . . justifies a higher fee.

---

[3] Plaintiff's attorney expended 4.25 hours in the 2007 calendar year and 35.5 hours in 2008 and 2009. [Doc.# 32-2]. The significance of the annual breakdown is addressed below.

28 U.S.C. § 2412(d)(2)(A).

The EAJA "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors." *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006) (citation omitted). Although courts are clearly authorized to figure cost of living increases into the hourly rate, courts within this district and within this state have consistently declined to award EAJA fees in excess of $125 per hour. *See e.g., Passaro v. Barnhart*, No. 04-1300, 2005 WL 1432368 (E.D. La. Mar. 27, 2005) (Barbier, J.) (finding that $125 fee satisfies the purposes of the act); *Buras v. Barnhart*, No. 01-618, 2004 WL 74315 (E.D. La. Jan. 14, 2004) (Zainey, J.) (collecting cases and finding that $125 is the accepted fee in the district); *Knight v. Barnhart*, No. 02-1741, 2003 WL 21467533 (E.D. La. June 20, 2003) (Vance, J.) (same); *Jackson v. Barnhart*, No. 01-1911, 2002 WL 927799 (E.D. La. May 7, 2002) (Barbier, J.) (same). Only recently has this federal court awarded an hourly rate higher than $125. *See Brown v. Astrue*, Civ. A. No. 07-6933, 2008 WL 4186877 (E.D. La. Sept. 9, 2008) (awarding hourly rate of $150 under the EAJA).[4]

When a given locale has experienced a significant change in the cost of living, the court may increase the hourly rate beyond the nominal statutory cap. *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988). The rate need not precisely track the cost of living increase for the geographical

---

[4] There is a plethora of more recent case law from the Western and Middle Districts of Louisiana but scant law from this district. The case law from the other Louisiana federal districts appears to follow *Brown v. Astrue* in their award of hourly rates under the EAJA. *See, e.g., Dauntain v. Comm'r of Social Sec.*, Civ. A. No. 07-CV-1532, 2009 WL 1010211 (W.D. La. Apr. 11, 2009) (following *Brown* and awarding hourly rate of $150 under EAJA).

area, but instead should be calculated "only to the extent necessary to ensure an adequate source of representation." *Id.*

The Fifth Circuit has held "that cost-of-living adjustments under the EAJA must be made to reflect the appropriate rate in the year in which the services were rendered." *Perales v. Casillas*, 950 F.2d 1066, 1076 (5th Cir. 1992). Therefore, EAJA fees must be adjusted yearly. To do otherwise "in effect award[s] interest for the . . . delay in payment" and "is a prohibited award of interest against the United States." *Id.* at 1076-77. According to the Court's calculation, the cost of living in this area increased between 34 and 38.28 percent between March 1996, when Congress implemented the $125 cap, and 2008 and 2009, the years during which the majority of the instant services were rendered. *See, e.g., Richards v. Astrue*, Civ. A. No. 07-1020, 2008 WL 4544374 (W.D. La. Oct. 7, 2008) (noting that claimant argued that Consumer Price Index ("CPI") increased by 34.89 percent through December 2007).[5] This change is not insignificant. Increasing the $125 statutory

---

5  In *Zamora v. Astrue*, the court calculated the cost of living adjustment by comparing the CPI for March 1996, the year in which the $125 EAJA rate became effective, with the CPI for the period when the services were rendered. Civ. A. No. C-08-187, 2009 WL 311312 *6, n.1 (S.D. Tex. Feb. 9, 2009). To discern the percentage CPI increase, the court subtracted the March 1996 CPI for All Urban Consumers (155.7) from the then current CPI and divided the difference by the March 1996 CPI for All Urban Consumers (155.7). *Id.*
In this case, the March 1996 CPI for all Urban Consumers in the South was 152.4; the annual 2008 CPI for All Urban Consumers was 215.303, and the annual 2008 CPI for all Urban Consumers in the South was 208.681. See, http://data.bls.gov/PDQ/servlet/SurveyOutputServlet. Depending on whether the national or southern CPIs are used, or a combination thereof, the CPI has increased by 34.03 percent (208.681-155.7/155.7); 38.28 percent (215.303-155.7/155.7); or 36.93 percent (208.681-152.4/152.4) since March 1996. This CPI change would increase the $125 cap to between $167.54 and $172.85. (The Court notes that the 2009 CPI negligibly decreased compared to the 2008 CPI. For All Urban Consumers, the annual CPI decreased from 215.303 in 2008 to 214.537 in 2009. For All Urban Consumers in the South, the CPI decreased from 208.681 in 2008 to 207.845 in 2009. Given that the decrease is negligible, the Court uses

4

cap by 34 to 38.28 percent would result in an hourly rate of $167.54 to $172.85. Absent other circumstances, however, the original $125 per hour reflected the *maximum* rate to be awarded under the EAJA. Thus, the CPI adjusted rate range of $167.50 to $ 172.85 contemplates the maximum rate that could be awarded today. *Baker*, 839 F.2d at 1084 (holding that increased rate may never exceed the percentage by which the market rate increased since statute enacted).

After due consideration of prevailing market conditions and the healthy community of social security practitioners in this area, the Court is inclined to implement an hourly rate of $150 per hour for this, and future, EAJA petitions. *See, Brown v. Astrue*, Civ. A. No. 07-6933, 2008 WL 4186877 (E.D.La. Sept.9, 2008) (settling on an hourly rate of $ 150). Accordingly,

**IT IS RECOMMENDED** that the Petition for Attorney's Fees be GRANTED IN PART, in that the Commissioner be ordered to pay attorney fees in the amount of $5,962.50 (39.75 hours at $150.00 per hour).

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

---

the 2008 CPIs.)

New Orleans, Louisiana, this 19th day of February, 2010.

                                        **DANIEL E. KNOWLES, III**
                                        **UNITED STATES MAGISTRATE JUDGE**